IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

L.V. WHITEHEAD                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO. 2:06cv106-B-A

MESILLA VALLEY
TRANSPORTATION, INC; ET AL                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

The undersigned conducted a status conference/show cause hearing in this action on October 1, 2013 to determine whether the claimed settlement agreement between the parties should be enforced.[1]  Docket 75 & 76.  After testimony by the plaintiff and his counsel, and considering the record as a whole, the court recommends the following:

## I.  FACTS

Plaintiff initially filed this employment discrimination case (Title VII) *pro se* on June 15, 2006.  Docket 5.  Attorney Stewart Guernsey made an appearance on plaintiff's behalf in September 2006 [Docket 8], after which he filed a motion requesting that summons be re-issued and plaintiff be allowed to serve process out of time.  Docket 10.  The motion was granted, and process reissued on November 16, 2007.  Docket 11.  On December 5, 2007, plaintiff's counsel filed an executed and returned summons.  Docket 12.  Although the Clerk of Court e-mailed him notifying him that a defendant is not properly served by certified mail until the green return receipt card has been received by the sender (Staff Note on the docket on January 8, 2008),

---

[1]On October 1, 2013 defendants, after the hearing, filed a motion to enforce the settlement agreement.  Docket 81.  All pertinent information in that motion and the supporting memoranda had been considered by the undersigned.

counsel filed a motion for default judgment on March 7, 2008.  Docket 13.  On March 23, 2009, the court granted the motion and set a hearing to determine damages.  Docket 17.  Plaintiff and another individual, Larry Townes, testified at the hearing on April 7, 2009 before District Judge Neal B. Biggers, Jr.  Docket 20.  Afterward, plaintiff was allowed to submit a brief and affidavit in support of his claim for damages.  Docket 23 & 24.  On August 19, 2009, the court entered an order assessing damages against the defendant, Mesilla Valley Transportation, in the amount of $484,344.21 plus interest, costs and attorneys fees.  Docket 25.

On October 22, 2010, defendant Mesilla Valley Transportation, Inc. and MVT Services, LLC, filed a motion to set aside the default judgment.  After briefing, Judge Biggers held another hearing and determined the motion to set aside should be granted.  Docket 37.  Thereafter, attorney Ottowa E. Carter, Jr. was substituted as counsel of record for the plaintiff, and the complaint was amended to name as defendants Mesilla Valley Transportation, Inc., MVT Services, LLC, and MVT Services, Inc.  Docket 38 & 48.  The parties began discovery.  Defendants filed a motion for summary judgment on August 27, 2012 and soon after, on October 9, 2012, the docket reflects that the case was dismissed by reason of settlement.  Docket 72 & 74.  No final judgment of dismissal was ever entered.

In late August or early September 2013 plaintiff came to the office of the undersigned and was confused about the status of his case.  After conversations with the undersigned, the court examined the docket, conferred with plaintiff's counsel Mr. Carter and learned that no final settlement agreement had ever been signed by the parties.  The office of the undersigned spoke with and e-mailed attorneys for all parties and set the matter for hearing on October 1, 2013.  Docket 75, 76 & 77.

At the hearing, Mr. Carter testified that he had been reluctant to take the plaintiff's case but agreed to do so because he thought it had merit.[2] Mr. Carter further testified that after conducting discovery in the case he came across documents that he felt undermined the plaintiff's case and advised the plaintiff that he should attempt settlement negotiations. It is undisputed that plaintiff gave Mr. Carter authority to settle the case for between $20,000 and $50,000, and that Mr. Carter did ultimately negotiate a settlement in this case for $20,000. Mr. Carter testified that he spoke to the plaintiff and communicated the settlement terms; they agreed to meet in Senatobia so that plaintiff could sign the settlement and release documents. At this meeting, plaintiff advised Mr. Carter that he did not want to settle for the $20,000 amount.

In an August 28, 2013 letter to the court offering a summary of events and the current status of the case (Plaintiff's Exhibit 3), Mr. Carter advised that he received a phone call in August 2013 from an attorney in North Mississippi. The attorney advised Mr. Carter that plaintiff had been to see him about taking the case, and after reviewing court documents online, he advised Mr. Whitehead that the settlement offer was good, and he should agree to take the offer. Hearing Exhibit 3, p.2. By letter dated August 19, 2013, plaintiff again advised Mr. Carter that he would accept the defendants $20,000 settlement offer. Hearing Exhibit 1. In response, Mr. Carter prepared and sent to plaintiff a settlement and release agreement with revised language he felt would be agreeable to plaintiff. The letter instructed plaintiff regarding execution of the settlement documents and how the settlement would be completed. Hearing Exhibit 2. Mr. Carter testified that upon receiving the documents, plaintiff again called to say he

---

[2] Attorney Jerry Wallace for the defendant was not present at the hearing and had not been excused from attending.

had changed his mind and did not want to accept the settlement because $20,000 was not enough money.

Plaintiff testified at the hearing that he the amount of the default judgment previously entered and set aside by the court was "just about right." He acknowledged that he did agree to the $20,000 settlement amount, and although he did not really want to settle for that little, he felt at the time that "if that was all [Mr. Carter] could get, then it was all he could get." Plaintiff also agreed that the summary of the case provided in Mr. Carter's letter to the court dated August 28, 2013 was correct. Finally, plaintiff stated that although he thinks the agreed settlement amount is too low, Mr. Carter should be compensated for his work in this case – plaintiff simply would like to receive a larger amount.

This settlement was negotiated through several phone calls and correspondence between plaintiff's counsel and counsel for defendant. There is clear evidence and testimony that plaintiff not only accepted the settlement agreement at least twice, but that he discussed it with an uninvolved third party attorney who thought it was an agreeable settlement and encouraged him to accept the offer.

## II. DISCUSSION

It is well settled in the Fifth Circuit that a federal court has the inherent power to enforce a settlement of litigation pending before it. *See White Farm Equipment Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986). A settlement agreement is a contract and is judged by principles of state law applicable to contracts generally. *Id.* Under Mississippi law a compromise reached by way of mediation or otherwise is favored, and settlement of disputes by agreement of the parties will be enforced, absent any fraud, mistake, or overreaching. *Hastings v. Guillot*, 825 So. 2d 20, 24

4

(Miss. 2002). In the present case plaintiff and his counsel agree that plaintiff had given his counsel authority to settle plaintiff's claims and that the amount of $20,000 was agreed and accepted by plaintiff at least twice. There is no indication on the record that either defendant its counsel would have had reason to doubt the settlement. The fact that the case had not been fully and finally resolved at an earlier date was an oversight by the court.

Under Mississippi law, settlements are contracts which are enforceable according to their terms. *McManus v. Howard,* 569 So.2d 1213, 1215 (Miss.1990). For a settlement to be valid and enforceable, there must be a "meeting of the minds." *Parmley v. 84 Lumber Co.*, 911 So. 2d 569, 572 (Miss. Ct. App. 2005), quoting *Hastings v. Guillot,* 825 So.2d 20(¶ 12) (Miss.2002). An attorney is presumed to have the authority to speak for and bind his client. *Fairchild v. General Motors Acceptance Corp.,* 254 Miss. 261, 265, 179 So.2d 185, 187 (1965). Whether or not the attorney has agreed to a settlement on behalf of the client is a question of fact. *Bailey v. Worton d/b/a Worton Asphalt & Paving,* 752 So.2d 470, 475 (Miss. Ct. App. 1999).

There is no question that plaintiff did accept and agree to the settlement amount at the very least by his hand written letter to Mr. Carter dated August 19, 2013. There is undisputed credible evidence in the record to support Mr. Carter's negotiating and agreeing to a settlement of this case on behalf of plaintiff. Any disagreement, rejection or changing of his mind rests solely with the plaintiff.

The undersigned respectfully recommends that the settlement agreement negotiated by Mr. Carter on behalf of plaintiff should be enforced. Although the undersigned is sympathetic to plaintiff's desire for a higher settlement amount, the evidence is clear that he accepted the settlement amount of $20,000 in exchange for a release of all claims against defendant.

Plaintiff's second thoughts on the desirability of the settlement are not sufficient cause to disturb the contract created by his counsel's conveying plaintiff's agreement to the terms proffered by the defendant. The settlement agreement should be enforced.

The undersigned further recommends that the defendants' motion to enforce the settlement agreement should be granted. However, in light of defense counsel's failure to attend the hearing, the request for fees and expenses to be awarded to defendants should be denied.

The parties are referred to 28 U.S.C. 636 (b)(1) and Local Rule 72 (a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen (14) days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Respectfully submitted.

This, the 4th day of October, 2013.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE