IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSSIPPI
DELTA DIVISION

L.V. WHITEHEAD                                                                                          PLAINTIFF

V.                                                                            CIVIL ACTION NO. 2:06-CV-106-B-A

MESILLA VALLEY TRANSPORTATION, ET AL.                                        DEFENDANT

MEMORANDUM OPINION

Presently before the court is the motion of plaintiff's former counsel requesting a portion of a settlement of litigation in this court as compensation for work performed. For lack of sufficient supporting documentation or explanation of persuasive legal theory under which recovery should be granted, the motion is denied.

## I. PROCEDURAL FACTS

On April 23, 2014, the court adopted the magistrate judge's report and recommendation enforcing a previously agreed upon settlement between the plaintiff, L.V. Whitehead and defendant Mesilla Valley Transportation. In sum, the settlement compensated Mr. Whitehead $20,000.00 in exchange for release of all claims against the defendant. One month later, plaintiff's counsel, Mr. Ottowa Carter, Jr., filed a motion to withdraw as plaintiff's attorney simultaneously with a motion for payment of attorney's fees from the plaintiff, Mr. Carter's client. The motion to withdraw was granted on July 29, 2014. The $20,000 had not been paid to the plaintiff at that time.

Unsatisfied with the settlement agreement, Mr. Whitehead filed an application to proceed *in forma pauperis* on appeal on May 6, 2014. The motion to appeal was granted on August 12, 2014. On February 21, 2015, the United States Court of Appeals for the Fifth Circuit dismissed

Mr. Whitehead's appeal for want of prosecution. The previous order adopting the magistrate judge's report and recommendation thus stands.

## II. DISCUSSION

Left to be decided is whether counsel's motion for attorney's fees has merit. Counsel's motion describes actions taken on Mr. Whitehead's behalf, including: "fil[ing] and respond[ing] to various motions, attend[ing] conferences and hearings, and engag[ing] in discovery." For these services, counsel states he "should be compensated for the services [] rendered in the prosecution of this case. . . [and] is entitled to 1/3 of the settlement amount ($6,666.66) if the order granting enforcement of the settlement is affirmed." No further justification is expressed, nor is a contract for services attached to the motion. No brief is filed in support.

The rights and obligations of parties to a contingency fee contract are governed by state law. *Auguston v. Linea Area Nacional-Chile S.A. (LAN-Chile)*, 76 F.3d 658, 662 (5th Cir. 1996). The burden is upon the attorney to establish clearly the contract under which he is entitled to retain his client's money as fees. *In re Estate of Sparkman*, 639 So. 2d 1258, 1261 (Miss. 1994).

Counsel's basis of justification for his request of one-third settlement proceeds remains unclear. If Mr. Carter is requesting the court's support in enforcing a provision of a service contract with his client, he is doing so in the wrong venue. Any enforcement of a personal contract for services between counsel and his client would be a separate cause. Further, counsel's statement of entitlement to an arbitrary percentage of the settlement, absent supporting documentation, would be far from clearly meeting the burden of establishing a right under contract.

Plaintiff's counsel may seek justification for his proposed fee based on statutory authority. Generally attorney's fees are awarded when there is statutory authority, a contractual provision that allows for attorney's fees, or punitive damages have also been awarded. *Maslon v.*

*Brown*, 148 So. 3d 27, 31-32 (Miss. Ct. App. 2014).  Were counsel to base his entitlement of the portion of the settlement on statutory grounds, a well-established process is applied to determine reasonable attorney's fees.  The court first "calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

      Counsel's motion was silent as to the statutory authority for which attorney's fees may be granted.  Further, plaintiff's counsel submitted no supporting brief detailing the number of hours expended on the case, nor did counsel provide an affidavit expressing his experience level and knowledge for which to base a per-hour rate.  No further analysis concerning adjustment of the 'lodestar' fee is necessary.  For the forgoing reasons, the court is without sufficient documentation or justification to award attorney's fees.

      It is, therefore **ORDERED**:

That plaintiff's attorney's motion for payment of attorney's fees is **DENIED**.

This, the 18th day of March, 2015.

                                             */s/ Neal Biggers*
                                      **NEAL B. BIGGERS, JR.**
                                      **UNITED STATES DISTRICT JUDGE**